# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KIMBERLY PISKOROWSKI ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12 CV 8865 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| TARGET CORPORATION, a Minnesota ) | |
| Corporation, ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's motion to reconsider [21] the Court's October 17, 2013 Order requiring Plaintiff's treating physician to produce a written report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). For the reasons set forth below, Plaintiff's motion [21] is granted.

**I.    Background**

During the status hearing held on October 17, 2013, Plaintiff's counsel informed the Court that she intended to offer medical opinions from Plaintiff's treating physician, Dr. Jesse Butler, beyond diagnosis and treatment. In response, the Court instructed Plaintiff's counsel that the physician would need to provide a written expert report pursuant to Rule 26(a)(2)(B).

In her motion for reconsideration, Plaintiff contends that the Seventh Circuit's guidance to which the Court referred (see *Meyers v. National R.R. Passenger Corp.*, 619 F.3d 729 (7th Cir. 2010)) has been superseded by the 2010 amendments to the Federal Rules of Civil

Procedure, which no longer require treating physicians to submit reports in most circumstances. Plaintiff asks that the Court reconsider its October 17, 2013 ruling and, instead, order Dr. Butler to submit a Rule 26(a)(2)(C) disclosure statement.

**II.     Analysis**

Rule 26(a)(2) governs expert reports. Relevant here, the rule states:

(A) *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B) *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specifically employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.

(C) *Witnesses Who Do Not Provide a Written Report*. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

(ii) a summary of the facts and opinions to which the witness is expected to testify.

As Rule 26(a)(2) demonstrates, all witnesses who are to give expert testimony must be disclosed, while only witnesses "retained or specifically employed to provide expert testimony" are required to submit an expert report in compliance with Rule 26(a)(2)(B). See *Banister v. Burton*, 636 F.3d 828, 833 (7th Cir. 2011). Experts who are not required to submit a report must provide a disclosure statement pursuant to Rule 26(a)(2)(C).

A treating physician is an expert witness when he testifies about opinions formed about a patient. See *Meyers*, 619 F.3d at 734-35. "It is generally agreed that a treating physician who

testifies about his observations during treatment is not required to file an expert report." *Coleman v. American Family Mutual Ins. Co.*, 274 F.R.D. 641, 644 (N.D. Ind. 20110) (citing cases). But the issue is more complex when the physician seeks to give an opinion about the cause of a plaintiff's injury, an issue the Seventh Circuit addressed in *Meyers*. Interpreting Rule 26(a)(2)(B), the court of appeals held that whether or not a treating physician who offers an injury-causation opinion must file an expert report turns on whether the treating physician determined the cause of the plaintiff's injury during or after treatment. *Id.*; see also *Coleman v. American Family Mutual Ins. Co.*, 274 F.R.D. 641, 644 (N.D. Ind. 2011). Based on *Meyers* and consistent with the Court's October 17, 2013 order, Defendant in this case argues that Dr. Butler must submit an expert report if he intends to offer opinions that he formed after treating Plaintiff.

Plaintiff is correct that the post-*Meyers* amendment to Rule 26, effective December 2010, changes the landscape. Although the amendments did not alter who was required to file an expert disclosure, subpart C was added, requiring summary disclosures in lieu of expert reports when an expert was not retained or specifically employed to give testimony. Rule 26(a)(2)(C); *Coleman*, 274 F.R.D. at 645. The Committee Notes explain that frequent examples of experts who are required to submit summary disclosures rather than expert reports "include physicians and other health care professionals." Rule 26 (Committee Notes, 2010 amendments). The amendments to Rule 26, therefore, seek "to clarify the distinction between an expert retained to testify and one who will testify for reasons independent of trial preparation." *Coleman*, 274 F.R.D. at 645. Where, as here, Plaintiff retained her treating physician for the purpose of receiving medical attention, and not for the express purpose of giving expert testimony, Rule 26 dictates that the physician need not file an expert report. *Id.* Instead, Dr. Butler must only file a disclosure statement in accord with Rule 26(a)(2)(C).

**III.    Conclusion**

Given the error in the Court's prior order, the motion for reconsideration [21] is granted. Plaintiff is directed to comply with the requirements of Rule 26(a)(2)(C) in regard to Dr. Butler by February 14, 2014.  The parties shall submit a proposed revised discovery schedule by February 21, 2014 taking account of any further fact or expert discovery that they believe is necessary.

Dated:  January 29, 2014                                    _____
                                                                                Robert M. Dow, Jr.
                                                                                United States District Judge